# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03224-RBJ

TIM McGREEVY,

    Plaintiff,

v.

CONMED CORPORATION, a New York corporation, and ASPEN LABORATORIES, INC., d/b/a CONMED ELECTROSURGERY, a Colorado corporation,

    Defendants.

_____

# STIPULATED PROTECTIVE ORDER
_____

Under Rule 26(c) FED. R. CIV. P., IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P. A draft or non-identical copy is a separate document within the meaning of this term.

3. Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the

preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. Information designated "Confidential" shall be information that concerns private financial, employment or medical information of Plaintiff Tim McGreevy ("Plaintiff"); or confidential business information about Defendants ConMed Corporation and Aspen Laboratories, Inc. d/b/a/ ConMed Electrosurgery ("Defendants"), Defendants' affiliates or subsidiaries, current or former employees and agents, trade secrets or other confidential research, or marketing, development or commercial information of Defendants.  As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. The parties recognize but do not necessarily agree that Confidential

Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to the Plaintiff's employment with Defendants, and Defendants' general business practices, financial matters, information regarding client/customer relationships, and technical, strategic or other proprietary business information. All Confidential Information designated "Confidential" may be reviewed only by the following persons (subject to Paragraph 10 of this Order):

    a.    attorneys actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c.    the parties, including Plaintiff, Defendants and Defendants' Board of Directors, officers, management, and any advisory witnesses who are directly assisting said attorneys in the preparation of this case;

    d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e.    the Court, jurors and/or court staff in any proceeding herein;

    f.    stenographic reporters who are engaged in proceedings necessarily

      incident to the conduct of this action;

  g.  deponents, witnesses or potential witnesses; and

  h.  other persons by written agreement of the parties.

8.  Before the parties or their counsel may disclose any Confidential Information to any persons contemplated by Paragraph 7 of this Stipulated Protective Order, such person shall be provided with a copy of the Stipulated Protective Order and shall be advised that he or she shall be bound by its provisions.  In the event any counsel of record determines that persons other than those provided for in Paragraph 7 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure.  Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

9.  A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion or to contact the Judge's chambers, as may be required by the Judge's Practice Standards before filing a motion, within eleven (11) days of the end of the above-described ten-day period requesting that the Court determine whether the disputed

information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed or contact with the Judge's chambers is timely made, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion or contact the Judge's chambers within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10.     Any party that wishes to file Confidential Information with the Court must move the Court to file such information under seal pursuant to D.C.COLO.LCivR 7.2. Information filed with the Court will generally be available to the public. Restriction of public access is appropriate for such things as Social Security numbers, residential addresses and true trade secrets and may be appropriate for other categories such as criminal histories and medical information, but the parties shall consider and confer about the possibility of redacting documents containing Confidential Information before filing such documents with the Court. If it is critical that the Court see the information, then the party that wishes to file Confidential Information with the Court may request a narrow order restricting public access and show good cause to support such a request.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential Information shall be destroyed or preserved by counsel in a manner which is fully consistent with the terms of this Stipulated Protective Order.  At the end of the litigation (including any appeals), counsel will not be required to return the material.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 8th day of April, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

_____

R. Brooke Jackson

United States District Judge

APPROVED:

| | |
|---|---|
| s/ Joan M. Bechtold | s/ Jonathan B. Fellows |
| Joan M. Bechtold | Jonathan B. Fellows |
| Charlotte N. Sweeney | Bond, Schoeneck & King, PLLC |
| Sweeney & Bechtold LLC | One Lincoln Center |
| 650 S. Cherry St., Ste 650 | Syracuse, New York 13202 |
| Denver, Colorado 80246 | jfellows@bsk.com |
| jmbechtold@sweeneybechtold.com | Telephone: (315) 218-8000 |
| cnsweeney@sweeneybechtold.com | |
| Telephone: (303) 865-3733 | |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |